IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK05-45330-TJM |
| | ) | |
| JEFFREY R. OLSON and | ) | CH. 7 |
| KELLI E. OLSON, | ) | |
| | ) | |
| Debtors. | ) | |

# ORDER

Hearing was held in Lincoln, Nebraska, on November 22, 2001, on a motion for turnover filed by the Chapter 7 trustee (Fil. #20) and a resistance thereto filed by the City of Columbus (Fil. #22). David P. Kyker appeared for Debtors, Joseph H. Badami appeared as the Chapter 7 trustee, and Katherine S. Vogel appeared for the City of Columbus. Evidence was received and the matter was taken under advisement.

*Factual Background*

Based on the affidavits admitted into evidence, the following facts appear to be undisputed:

1.  On April 30, 2002, Debtor Kelli Olson was arrested by the Columbus, Nebraska, police department on drug-related charges. During the course of her arrest, a black purse containing $4,915.00 was confiscated. According to the police department, the purse and the money were booked into evidence.

2.  On June 26, 2002, Ms. Olson's purse was returned to her. However, the Columbus police department does not have any record indicating that the cash was returned to her. The charges resulting from her arrest were later dismissed.

3.  On October 14, 2005, Debtors filed for relief under Chapter 7 of the Bankruptcy Code. Debtors were discharged on February 22, 2006, and the bankruptcy case was closed on March 1, 2006.

4.  On December 3, 2010, Debtors filed a motion to reopen the Chapter 7 case (Fil. #10), which motion was granted on December 28, 2010 (Fil. #12). After reopening the case, Debtors filed amended schedules (Fil. #13) and the Chapter 7 trustee filed a notice of intent to claim assets (Fil. #15). Specifically, the trustee claimed the sum of $4,915.00 as an asset of the bankruptcy estate.

5.  On October 7, 2011, the trustee filed his motion for turnover against the City of Columbus.

*Discussion*

The turnover provision of the Bankruptcy Code reads in pertinent part:

> [A]n entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, . . . shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.

11 U.S.C. § 542(a).

In addition:

> (b) A custodian shall –
>   (1) deliver to the trustee any property of the debtor held by or transferred to such custodian, or proceeds, product, offspring, rents, or profits of such property, that is in such custodian's possession, custody, or control on the date that such custodian acquires knowledge of the commencement of the case; and
>   (2) file an accounting of any property of the debtor, or proceeds, product, offspring, rents, or profits of such property, that, at any time, came into the possession, custody, or control of such custodian.

11 U.S.C. § 543(b).

The trustee's motion does not indicate whether it is brought pursuant to the turnover provisions of § 542 or § 543. Since a custodial relationship is not alleged in the motion, the court will presume the motion was brought pursuant to the general turnover provisions of § 542(a).[1]

In the Eighth Circuit, an entity lacking possession of the property or its proceeds at the time of a turnover demand cannot be the subject of a motion to compel turnover. *Brown v. Pyatt (In re Pyatt)*, 486 F.3d 423, 429 (8th Cir. 2007). Accordingly, it is imperative that a factual determination be made as to the disposition of the cash confiscated by the Columbus police department in 2002. Pursuant to Ms. Olson's affidavit (Fil. #28), she was told by her criminal attorney in November 2002 that the cash could be held by the City of Columbus police department for a period of up to seven years and, therefore, she waited until April 2010 to contact the police department regarding the recovery of the funds. Ms. Olson's affidavit also states that she was initially told by Sgt. Timothy Kayl of the Columbus police department that the missing funds could not be located, but that a few weeks later he informed her that the funds had been found.

---

[1] In light of the court's determination that further proceedings are necessary with respect to this motion, the trustee may clarify in such future proceedings whether his motion is filed pursuant to 11 U.S.C. § 542(a) or § 543(b). It seems apparent that such sections are mutually exclusive.

-2-

The trustee, on the other hand, states in his affidavit (Fil. #25) that in late 2010, he was contacted by someone in law enforcement for the City of Columbus, Nebraska, who advised him that the police department was holding $4,915.00 which had been confiscated from Ms. Olson. Sgt. Kayl states in his affidavit (Fil. #27) that "[t]his year, through inquiries made by the Chapter 7 Trustee, Joseph Badami, the Department was first notified that the $4,915 had not been returned to Ms. Olson." He further states that "[t]he Department has made diligent efforts, but has not been able to locate the money." His affidavit does not say whether he had discussed the funds with Ms. Olson nor does it say whether the department had physical possession of the funds at any time in 2010 or 2011.

The evidence presented in the form of affidavits is obviously in conflict and incomplete. Under the Eighth Circuit's holding in *Pyatt*, it is imperative to know whether the City of Columbus was ever in actual possession of the $4,915.00 belonging to Ms. Olson at the time of the trustee's turnover demand or thereafter.[2] In order to make such a determination, the court will need to hear testimony from Ms. Olson, Mr. Badami, Sgt. Kayl, and any other witnesses having knowledge or information regarding the cash at various points in time.

IT IS, THEREFORE, ORDERED, that the Clerk of the Bankruptcy Court shall set this matter for a one-half day trial and issue a pretrial order with respect thereto.

DATED: December 1, 2011.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
David P. Kyker
*Joseph H. Badami
Katherine S. Vogel
United States Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.

---

[2]The City's resistance to the trustee's turnover demand fails to address this threshold issue; instead, it focuses on the statute of limitations under the Political Subdivisions Tort Claims Act without actually identifying a tort. Regardless, the central issue here is not whether the trustee or the debtor has a cause of action against the City for losing the money, although that may come later. The issue here is whether the trustee is entitled to turnover under the Bankruptcy Code.